HERMAN F. CUBERT, Plaintiff, and MILTON S. FINKLE, Respondent, *v.* SEYMOUR SPENCER, SR., et al., Appellants.

Third Department, August 13, 1959.

*Oliver, Scully & Delaney (John J. Scully* of counsel), for appellants.

*Brown & Gallagher (Neil Hesson, Jr.,* of counsel), for respondent.

BERGAN, J. P. We deal here with the consistency of a jury's verdict; and the question of who may be sufficiently aggrieved by inconsistency to press the question on appeal.

The issue before the jury was a collision between two cars moving on a State highway in opposite directions. Essentially the factual problem that went to the jury for its solution was which car was on the wrong side of the road.

There was a collision; no witness testified the vehicles came together in or near the middle of the road; each driver contended the other was on the wrong side.

There seems no room to accommodate a compromise verdict; one or the other driver was wrong under the facts shown by the record. Still the jury found in favor of a passenger in one of the vehicles against the owner and operator of the other vehicle; but in the action maintained by the operator of the vehicle in which the passenger was riding, the verdict was for the defendants, no cause of action.

Such a verdict meant that both drivers were found by the jury to have been negligent; indeed, the questions from the jury during deliberation, seeking enlightenment from the court, indicated it felt the driver of the vehicle in which the passenger was riding was responsible for the accident.

It is, of course, often possible to find both drivers of motor vehicles moving in opposite directions guilty of negligence. But a jury cannot synthesize the actual occurrence into something else and use a theoretical occurrence to fit some notion about what it may feel to be the just thing to do.

It must base its findings on the way the facts are actually developed in the record. Even in jurisdictions admitting the rule of comparative negligence, if the facts show negligence can be attributed to one or the other party, but not to both, the jury cannot make an apportionment.

Here the proof on the part of the plaintiff Cubert in whose car the successful passenger plaintiff Finkle was riding, is that defendant driver Spencer came over to Cubert's side of the road; that he, Cubert, pulled over as far as he could to the right; stopped and was hit.

If this is the way the accident occurred it would, of course, justify the verdict which Finkle has had against Seymour Spencer, Jr., the driver, and Seymour Spencer, Sr., the owner. But if it is a true version, it is not possible to justify the refusal of the jury also to find a verdict for Cubert.

It is argued by the successful plaintiff Finkle on appeal, in effect, to sustain a consistency of the verdict, that the jury found that Cubert was actually on the wrong side of the road and

hence negligent, but that the verdict against the Spencers is nevertheless to be justified because the jury might have found that the driver Spencer was negligent in not acting with due care after Cubert came over to his side of the road.

But if this is actually the jury's basis for its verdict, the negligence of Spencer rests upon the highly attenuated inferences from his own testimony about what he did when the Cubert car faced him on his lane; and a verdict thus based would run strongly counter to the weight of evidence in the case.

Spencer's testimony is that the Cubert car pulled out in his lane 500 feet ahead of him and hit him. When he '' saw the car '' Spencer said, '' I pulled off, tried to pull off the road ''.

On cross-examination he added although he '' tried to pull off '', that '' I couldn't do it ''; and he also said that '' I put my foot on the brake ''. He was then asked this question on cross-examination: '' And you continued driving right along that highway on the traveled portion of the highway until just before the accident happened '', to which the witness said '' Yes ''. Further questions eliciting affirmative answers were to the effect that until '' the last minute, or the last second '' when he tried to swing his car to the right he '' continued going straight ahead '' and that '' during this entire time '' he continued straight.

From this it is argued by the successful plaintiff on appeal that Spencer by his own testimony '' shows that he failed to take any reasonable steps to avoid the accident ''; that he '' continued along the highway without any regard for the rights of the plaintiff, although he knew that by doing so a collision would result ''.

These arguments are not justified by his testimony. The actual testimony is that Spencer applied his brake when he saw the car in his lane. The car pulling out on his side of the road plainly created an emergency. The space of time in which to think and act with two vehicles approaching at State highway speeds at 500 feet distance is certainly not ample. It is not a fair inference from Spencer's testimony that he waited unduly before turning to his right and merely watched the other car approach. A fair reading of his testimony is that he turned when he saw the danger and tried to avoid the collision.

The question about continuing '' right along '' the highway '' until just before the accident '' is so framed as to be indefinite as to time and could contemplate the general approach to the scene before the emergency arose quite as well as the actual events occurring from the time the Cubert car pulled out. What phrases such as '' continued driving right along '' a highway

until "just before" an accident mean, rest entirely on the actual space and time involved and can have no significance, or great significance, depending on the actual space and time relationship.

If, as it is argued by plaintiff-respondent on appeal, the verdict is to be justified on a finding that Cubert pulled into Spencer's lane but that Spencer did not act quickly enough, the verdict appears to be against the weight of evidence.

The verdict is thus inconsistent. Cubert, who would be entitled to argue its inconsistency, does not do so on this appeal. But it would be no more or less inconsistent if he too had prosecuted the appeal and argued that point; or had he appealed alone and argued it.

The right to attack an inconsistent verdict exists in favor of a party aggrieved by it, whether it is joined or not by others who also might be aggrieved.

The judgment should be reversed on the law and the facts and a new trial ordered, with costs to abide the event.

Coon, Gibson, Herlihy and Reynolds, JJ., concur.

Judgment reversed on the law and the facts and a new trial ordered, with costs to abide the event.